ANTONIO MARSHALL vs. JOSEPH MCCORMICK.

PROVIDENCE—OCTOBER 23, 1905.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1)  *Garnishment.  Affidavits.*

Where, before execution.issued against the principal defendant, a garnishee filed an affidavit of no funds with the clerk of a District Court accompanied by an affidavit that through accident and mistake he had previously neglected to file his affidavit, and at the same time paid to such clerk double the fee paid him as garnishee, he is not liable to an action under Gen. Laws, cap. 254, § 20.

(2)  *Garnishment.  Accident and Mistake.*

The words "accident and mistake," as used in Gen. Laws cap. 256, § 21, are broad enough to include an error of law as well as of fact.

TRESPASS ON THE CASE under Gen. Laws cap. 254, § 20, against a garnishee who failed to file his affidavit.  Heard on exceptions to ruling of District Court and exceptions overruled.

BLODGETT, J.   After the rendering of the opinion in *Marshall* v. *Gray*, 26 R. I. 517, the defendant in this action, who was garnishee of the above-mentioned defendant Gray, filed an affidavit of no funds with the clerk of the Seventh District Court, accompanied by an affidavit that through accident and mistake he had previously neglected to file his personal affidavit thereof, and at the same time paid to such clerk double the fee paid him as garnishee of Gray, all these steps being taken before execution issued against Gray.   The plaintiff refused to accept the double garnishee fee, and, although the District Court refused to charge McCormick as the garnishee of Gray, took out execution from that court against Gray, and after demand upon Gray and upon McCormick, and a return of the execution unsatisfied by either of them, has brought this action against McCormick, in which he seeks to hold him liable as the garnishee of Gray, because of his failure to file his account as provided by section 20, chapter 254, General Laws, and the case is now before us upon plaintiff's exceptions to the

ruling of the Seventh District Court that this action was barred by the provisions of section 21 of chapter 256, General Laws.

Where there is an appearance by a garnishee and a disclosure of funds by him, his liability is fixed and determined by the court, and he is charged by the court in such amount as the court finds is then justly due and payable, and from this action of the court relief may be had by way of appeal, or by exception, to another tribunal, as from any other judgment. But where through accident or mistake the garnishee, who in fact has no funds or property of the defendant in his hands, has failed to so disclose that fact to the court, he is held liable in the words of the statute (sec. 20, cap. 254) "to satisfy the judgment or decree that the plaintiff shall obtain against the defendant in such writ, to be recovered by action on the case, excepting as is hereafter provided, in chapter two hundred fifty-six, in case of accident or mistake." This defendant, though not charged by the court as a judicial act, is within the meaning of the clause in section 21, chapter 256, "charged as trustee by reason of his default," as interpreted by the court in *Eddy* v. *Prov. Machine Co.*, 15 R. I. p. 11, having made default and hence being liable to the action provided in section 20 of chapter 254. But this is a liability to an action only, and arises upon the default, *ipso facto*, and is not created by any judgment of the court; and hence such a defendant garnishee may make the affidavit and refund double the garnishee fee paid him, as provided in section 21 of chapter 256, General Laws, in discharge of his liability, and without appeal or exception.

The plaintiff argues further that the affidavit of the garnishee does not disclose a case of mistake within the intent of the statute, his error being one of law and not of fact.

We feel constrained, however, to give to the word "mistake," as here used, a broad construction. The process of garnishment by which a person is held to pay his debt to the judgment creditor of his creditor imposes upon him an inconvenience for the benefit of other parties with whom he has no privity, and should be limited so as not to do him actual injustice. The proviso in question is for the protection of the garnishee and ought to be liberally interpreted.

Our opinion is, therefore, that the District Court did not err in sustaining the defence offered.

The plaintiff's exceptions are overruled, and the cause will be remanded to the District Court for judgment for the defendant.

*Charles H. McKenna*, for plaintiff.

*Charles A. Walsh*, for defendant.